UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HSBC Bank, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust 2004-12,<br><br>　　　　　　Plaintiff<br><br>v.<br><br>Stratford Homeowners Association; SFR Investments Pool 1, LLC,<br><br>　　　　　　Defendants | Case No. 2:15-cv-01259-JAD-PAL<br><br>**Order Granting<br>the Stratford Homeowners Association's<br>Motion to Dismiss**<br><br>[ECF 22] |

　　　This action challenges the 2013 nonjudicial foreclosure sale of the home located at 644 Vincents Dream Avenue in North Las Vegas, Nevada. HSBC Bank, as Trustee for the Structured Adjustable Rate Mortgage Loan Trust 2004-12, claims it is the beneficiary of the senior deed of trust on the home. When the homeowner defaulted on his assessments owed to the Stratford Homeowners Association ("the HOA"), the HOA sold the property to SFR Investments Pool 1, LLC for a small fraction of the mortgage balance.[1] Under the Nevada Supreme Court's holding in *SFR Investments Pool 1, LLC v. U.S. Bank*,[2] if the HOA properly foreclosed on a superpriority lien under NRS 116.3116, HSBC's interest was extinguished. In an effort to retain its interest, HSBC sues SFR to quiet title,[3] and it sues the HOA for bad faith and wrongful foreclosure.[4]

---

[1] ECF 7.

[2] *SFR Inv. Pool 1, LLC v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) (en banc).

[3] HSBC also asserts a "cause of action" against SFR for injunctive relief, *see* ECF 7 at 12, but injunctive relief is a remedy, not an independent claim for relief. *See, e.g., Indian Homes Programs, LLC Series III v. Green Tree Servicing, LLC*, 2015 WL 5132456, at *4 (D. Nev. Sept. 1, 2015).

[4] ECF 7.

The HOA moves to dismiss all claims against it.[5] It contends that HSBC's claims for breach of NRS 116.1113 (bad faith) and wrongful foreclosure must be dismissed under NRS 38.310, which requires a court to dismiss any claim relating to the interpretation, application, or enforcement of regulations applicable to residential property or an HOA's governing documents if the plaintiff has not first mediated or arbitrated that claim before the Nevada Real Estate Division. I agree, and I grant the motion.

### Discussion

NRS 38.310 bars any "civil action based upon a claim relating to . . . [t]he interpretation, application[,] or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules[,] or regulations adopted by an association"[6] that has not been first mediated or arbitrated. And NRS 38.300(3) defines "civil action" to include all claims except quiet-title claims and those seeking injunctive relief for an immediate threat of irreparable harm.[7] The court must consider each claim separately and dismiss those "initiated in violation of NRS 38.310(1)."[8]

**A.    NRS 38.310 is not limited to suits between homeowners and their HOAs.**

HSBC argues that NRS 38.310 does not apply to its claims because HSBC is not a homeowner within the Stratford common-interest community and the statute only applies to civil actions between homeowners and their HOAs.[9] But the statute contains no language suggesting that it is limited only to homeowner plaintiffs. "The preeminent canon of statutory interpretation requires [the court] to 'presume that the legislature says in a statute what it means and means in a

---

[5] ECF 22. I find this motion suitable for disposition without oral argument. L.R. 78-2.

[6] Nev. Rev. Stat. § 38.310.

[7] Nev. Rev. Stat. § 38.300(3).

[8] *McKnight Family, LLP v. Adept Mgmt. Servs., Inc.*, 310 P.3d 555, 558 (Nev. 2013).

[9] ECF 27 at 5.

statute what it says there.'"[10]  Had the Nevada legislature intended to restrict NRS 38.310's application to claims between homeowners and their HOAs, it could have easily said so.  Instead, it broadly prescribed alternative dispute resolution for "any civil action" that meets the statutory definition.

      That NRS 38.310 "is silent as to whom it applies" does not render the statute ambiguous such that I must consider the legislative intent behind its enactment.  I do not find that the absence of limiting language renders this statute ambiguous.  I am thus bound by Nevada's first rule of statutory interpretation: "if a statute is clear and unambiguous," the court must give "effect to the plain and ordinary meaning of the statute's language, and . . . not resort to the rules of statutory construction."[11]

**B.**      **NRS 38.310 applies to more categories of claims than HSBC acknowledges.**

      HSBC also offers a narrow construction of NRS 38.310 and argues that the statute requires pre-litigation dispute resolution only for claims involving the interpretation, application, or enforcement of the association's governing documents or "the procedures used for increasing, decreasing[,] or imposing additional assessments."[12]  Because its claims are not based on these documents or procedures—they're based on NRS Chapter 116—HSBC argues, NRS 38.310 "is simply not applicable according to" its "plain terms."[13]

---

[10] *Bldg. Energetix Corp. v. EHE, LP*, 294 P.3d 1228, 1232 (Nev. 2013) (quoting *BedRoc Limited, LLC v. United States,* 541 U.S. 176, 183 (2004)).  This court must apply Nevada's rules of statutory construction when sitting in diversity.  *See, e.g., In re Goldman*, 70 F.3d 1028, 1029 (9th Cir. 1995); *see also* ECF 1 at ¶ 4 (noting that jurisdiction in this case is based on diversity). And because I do not find this statute ambiguous, I do not consider its legislative history.  *See Silver State Elec. Supply Co. v. State ex rel. Dep't of Taxation*, 157 P.3d 710, 713 (Nev. 2007) ("If the words of a statute are unambiguous, this court will give those words their plain meaning. Otherwise, this court will look to legislative history and rules of statutory construction in determining the statute's meaning.").

[11] *W. Sur. Co. v. ADCO Credit, Inc.*, 251 P.3d 714, 716 (Nev. 2011).

[12] ECF 27 at 4–5.

[13] *Id*. at 5.  HSBC's argument is also wrong as a matter of fact.  Its claims for bad faith and wrongful foreclosure are factually grounded in the HOA's CC&Rs.  *See infra* at pp. 5–6.

3

To make this argument, HSBC omits and ignores one of the statute's plain terms: the one that comes right before the clause that HSBC focuses on, and which clearly states that the pre-litigation resolution process also applies to claims relating to "[t]he interpretation, application or enforcement of any covenants, conditions[,] or restrictions applicable to residential property."[14] The Nevada Supreme Court noted this broad reach of NRS 38.310 in *McKnight Family, LLP v. Adept Management Services, Inc.*[15] In *McKnight*, the homeowner sued the HOA alleging that it failed to properly credit his payments and wrongfully foreclosed based on delinquent assessments.[16] Like HSBC, he alleged claims for quiet title, bad faith, and wrongful foreclosure.[17] The district court dismissed all of his claims under NRS 38.310 because the parties had not mediated or arbitrated before the suit was filed.[18]

On appeal, the Nevada Supreme Court held that the quiet-title claim should not have been dismissed because quiet-title claims are expressly exempted from the statute's definition of "civil action."[19] But the Court found that the bad-faith and wrongful-foreclosure claims "fell under NRS 38.310's purview."[20] It reasoned that the NRS 116.1113 claim "required the district court to interpret regulations and statutes that contain[] conditions and restrictions applicable to residential property" and, because the homeowner "sought money damages" for this claim, it qualified as a "civil action[] as defined in NRS 38.300(3)."[21] It also concluded that the homeowner's claim that the HOA wrongfully foreclosed because it failed to properly credit the

---

[14] Nev. Rev. Stat. § 38.310(1)(a).

[15] *McKnight Family, LLP*, 310 P.3d at 555.

[16] *Id*. at 557.

[17] *Id.*

[18] *Id.*

[19] *Id*. at 559 ("it is not a civil action as defined in NRS 38.300(3)").

[20] *Id*. at 558–59.

[21] *Id.*

homeowner's payments likewise "involve[d] interpreting covenants, conditions, or restrictions applicable to residential property" and also required the court to "interpret the CC&Rs to determine their applicability and enforceability regarding" this property owner.[22] Thus, *McKnight* demonstrates that the Nevada Supreme Court broadly interprets NRS 38.310 to require pre-litigation dispute resolution of claims relating to the interpretation, application, or enforcement of laws governing residential property, not just claims relating to the HOA's CC&Rs and bylaws.

**C.   HSBC's bad-faith and wrongful-foreclosure claims must be dismissed under NRS 38.310.**

Like the claims in *McKnight*,[23] HSBC's bad-faith and wrongful-foreclosure claims fall under the purview of NRS 38.310. The bad-faith claim is founded on the allegation that the HOA breached NRS 116.1113 and its implied and express duties in the HOA's CC&Rs, particularly "a mortgage protection clause which represents that [the HOA's] entire lien would be subordinate to the senior deed of trust."[24] NRS 116.1113 imposes a duty of good faith and fair dealing on any act performed under an HOA's CC&Rs adopted in accordance with Chapter 116.[25] So this bad-faith claim is "a claim relating to" the "enforcement of" both a covenant applicable to residential property and the "bylaws, rules[,] or regulations adopted by an association."[26]

The factual premise of HSBC's wrongful-foreclosure claim is that: (1) the HOA gave

---

[22] *Id*. at 560.

[23] "When interpreting state law, federal courts are bound by decisions of the state's highest court." *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1494 n.4 (9th Cir. 1996) (quoting *Arizona Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995)); *accord*, *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 n.5 (1982) (federal courts must follow the state courts' interpretation of a state statute).

[24] ECF 7 at 9.

[25] Nev. Rev. Stat. § 116.1113.

[26] *See* Nev. Rev. Stat. § 38.310(1).

5

inadequate notice or opportunity to cure the deficiency; (2) the sale price was commercially unreasonable; (3) and the HOA breached the covenant of good faith and fair dealing imposed by NRS 116.1113.[27]  Each of these theories will require "[t]he interpretation, application or enforcement of" various provisions of NRS Chapter 116, which constitute "covenants, conditions[,] or restrictions applicable to residential property" or "[t]he interpretation, application or enforcement of" the HOA's "bylaws, rules[,] or regulations."[28]  I thus dismiss both claims under NRS 38.310.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the Stratford Homeowners Association's Motion to Dismiss **[ECF 22] is GRANTED**.  **HSBC's second and third claims for relief** (breach of NRS 116.1113 and wrongful foreclosure) **are DISMISSED** under NRS 38.310.

Dated April 14, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[27] ECF 7 at 11.

[28] *See* Nev. Rev. Stat. § 38.310(1).