# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HSBC Bank National Association,<br><br>  Plaintiff<br><br>v.<br><br>Stratford Homeowners Association, et al.,<br><br>  Defendants<br><br>And all related matters | 2:15-cv-01259-JAD-PAL<br><br>**Order Denying HSBC Bank's Motion for Reconsideration of Order Granting Stratford's Motion to Dismiss**<br><br>[ECF Nos. 49, 50] |

This case presents a fact pattern that has become common in this district: it arises out of Stratford Homeowners Association's foreclosure on its associational lien against a property that was then purchased by SFR Investments Pool 1, LLC at a nonjudicial foreclosure sale.[1] HSBC Bank National Association alleges that its deed of trust on the property was clouded by Stratford's foreclosure and deed to SFR, and the bank sues Stratford for breaching NRS 116.1113 (bad faith) and wrongful foreclosure.[2]

Stratford moved to dismiss HSBC's claims for commencing litigation before engaging in NRS Chapter 38's mandatory pre-litigation mediation process.[3] Finding that Chapter 38 applies to HSBC's claims against Stratford, I granted Stratford's motion and dismissed HSBC's claims against the association.[4]

HSBC then moved me to reconsider that order, arguing that the obligation to mediate has been constructively exhausted because HSBC submitted its claims for mediation but the Nevada Real Estate Division (NRED) did not schedule a mediation within the 60-day timeframe prescribed by NRS 38.330.[5] HSBC also argues that my dismissal order is manifestly unjust

---

[1] ECF No. 7 at ¶¶ 8, 27.

[2] *Id.* at ¶¶ 14, 17, 49–64.

[3] ECF No. 22.

[4] ECF No. 43.

[5] ECF No. 49 at 5–7.

because, if HSBC is not allowed to proceed on its claims against Stratford in this case, it might be barred from doing so in later litigation under the doctrine of res judicata.[6]  Finally, HSBC argues that I committed clear error by dismissing its claims against Stratford under NRS 38.310 because I divested myself of authority to apply that statute when I later ruled that only federal-question jurisdiction exists in this case.[7]

I took HSBC's motion under submission after hearing oral argument from the parties,[8] and I now deny it because I do not find that cause or other grounds exist to reconsider my decision to dismiss HSBC's claims against Stratford under NRS 38.310.  Further, I grant HSBC's motion to withdraw its erroneously filed motion asking the magistrate judge to reconsider my order.[9]

**Background**

On the same day that its motion to dismiss became fully briefed,[10] Stratford moved to stay or continue discovery until after that motion was resolved.[11]  The parties then stipulated to stay discovery for 180 days and to vacate Stratford's motion to dismiss.[12]  The stipulation and motion were both considered by Magistrate Judge Leen, who denied the stipulation but granted the motion and stayed the case for 90 days.[13]

Because HSBC's complaint contained no allegations regarding the citizenship of SFR's members, I thereafter ordered the parties to show cause why this case should not be dismissed for

---

[6] *Id.* at 7–8.

[7] *Id.* at 8–9.

[8] ECF No. 59.

[9] ECF No. 50.

[10] ECF Nos. 27 (response), 31 (reply).

[11] ECF No. 30.

[12] ECF No. 33.

[13] ECF No. 35, 37.

lack of subject-matter jurisdiction.[14] HSBC responded to the order stating that it could not affirmatively plead the citizenship of the owners or members of SFR, arguing that it was required to plead citizenship only on information and belief, and alternatively asking to conduct jurisdictional discovery.[15] SFR responded that it believes that diversity jurisdiction exists because its citizenship traces to Canadian entity Xiemen LP and that, "[u]pon information and belief, none of Xiemen LP's partners are citizens of the United States."[16]

HSBC's and SFR's responses did not demonstrate for my satisfaction a basis for finding diversity jurisdiction, but on closer review of the amended complaint, I found it appeared that HSBC had also pled a federal question.[17] I therefore discharged the parties' show-cause obligations,[18] but I granted Stratford's motion to dismiss HSBC's claims prior to discharging the parties' show-cause obligations.[19] HSBC timely moved to reconsider my dismissal order.

## Discussion

District courts possess "inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction."[20] "Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law."[21] HSBC argues that each circumstance exists here.

---

[14] ECF No. 38.

[15] ECF No. 40.

[16] ECF No. 42 at 2:26–3:04.

[17] ECF No. 45.

[18] *Id.*

[19] ECF No. 43.

[20] L.R. 59-1(a); *accord City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (collecting cases).

[21] L.R. 59-1(a).

**A.     The newly discovered evidence does not merit reconsideration.**

HSBC first argues that I should reconsider my dismissal order because there is newly discovered evidence that was not available when it responded to Stratford's motion to dismiss: the parties had stipulated to (1) withdraw Stratford's motion to dismiss and (2) that HSBC had constructively exhausted its obligations under Chapter 38. Neither argument is persuasive.

*1.     The parties' stipulation to withdraw Stratford's motion was ineffective.*

Stipulations are effective only upon approval by the court.[22] Not only was HSBC and Stratford's stipulation to withdraw Stratford's motion to dismiss never approved by the court, it was ultimately rejected by Magistrate Judge Leen.[23] That Stratford and HSBC stipulated to withdraw Stratford's motion to dismiss is, thus, without significance.

*2.     HSBC offers no compelling reason excuse the exhaustion requirement.*

HSBC offers evidence that it submitted its written claim for mediation to NRED on December 4, 2015,[24] and states that the mediation still has not been scheduled by NRED.[25] Relying on NRS 38.330(1)'s statement that, "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim[,]" HSBC asks me to find that it has constructively exhausted its pre-litigation mediation obligation because NRED did not schedule mediation to occur within the 60-day timeframe.

"The 'exhaustion doctrine' is a salutary one [that] often fully and finally resolves disputes without the need for litigation."[26] Whether to apply the exhaustion doctrine is within the court's discretion, "especially where the issues relate solely to the interpretation or

---

[22] L.R. 7-1 ("No stipulations relating to proceedings before the court, except those set forth in Fed. R. Civ. P. 29, are effective until approved by the court.").

[23] ECF No. 37.

[24] ECF No. 49-1.

[25] ECF No. 49 at 4:24–25.

[26] *State v. Glusman*, 651 P.2d 639, 643 (Nev. 1982).

4

constitutionality of a statute."[27]  Courts, however, "are reluctant to circumvent the exhaustion doctrine" unless "there are compelling reasons for doing so. . . ."[28]

HSBC has not offered compelling reasons for me to circumvent the exhaustion doctrine. HSBC's claims against Stratford for breach of NRS 116.1113 and wrongful foreclosure touch on—but do not relate solely to—the constitutionality and interpretation of NRS Chapter 116.[29] And the four cases that HSBC cites in support are distinguishable.[30]  Two of the cases that HSBC cites—*Taylor v. Appleton*[31] and *Oglesby v. Dep't of the Army*[32]—concern requests for information from agencies made under the Freedom of Information Act (FOIA).[33]  FOIA expressly provides: "Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to [that] request if the agency fails to comply with the applicable time limit provisions of this paragraph."[34]  This is not a FOIA case and, unlike FOIA, Chapter 38 does not expressly provide for constructive exhaustion if NRED fails to schedule a mediation within 60 days of a claim's filing.[35]  Limited to the context of constructive exhaustion under FOIA, *Taylor* and *Oglesby* do not support HSBC's argument that I should find constructive exhaustion on the facts in this case.

---

[27] *Id.* at 644.

[28] *See id.*

[29] *See* ECF No. 7 at ¶¶ 49–64.

[30] ECF No. 49 at 6:01–14.

[31] *Taylor v. Appleton*, 30 F.3d 1365 (11th Cir. 1994).

[32] *Oglesby v. Dep't of the Army*, 920 F.2d 57 (D.C. Cir. 1990).

[33] 5 U.S.C. § 552.

[34] 5 U.S.C. § 552(a)(6)(C).

[35] *See generally* NEV. REV. STAT. §§ 38.300–38.360.

HSBC's next citation—*Farm Bureau Town and Country Ins. Co. of Missouri v. Angoff*[36]—similarly fails to support its argument. HSBC contends that *Agnoff* holds that "a plaintiff does not have to exhausted [sic] its administrative remedies if the applicable administrative procedure must be commenced by the agency, and the agency fails to commence any proceeding."[37] Although not the holding of the case, the Missouri Supreme Court did discuss in *Agnoff* that, under Missouri law, "[a]nother exception to the exhaustion of administrative remedies doctrine arises when the applicable administrative procedure must be commenced by the agency and the agency has failed to commence any proceeding."[38] The next sentence in the opinion states the limited circumstances in which this exception applies: "A party threatened by agency action may invoke the court's jurisdiction to grant declaratory judgment against the agency."[39] HSBC seeks to pursue claims against Stratford, not against NRED, so the exception to the exhaustion doctrine discussed in *Angoff* does not, therefore, apply here.

HSBC's final citation—*Abarra v. State of Nevada*[40]—is also distinguishable. *Abarra* concerns an inmate who brought an action alleging five claims against various Nevada-state entities and prison officials for violating his due-process rights.[41] The trial court dismissed Abarra's complaint for failing to exhaust the grievance process and because he has no liberty interest in a disciplinary appeals process.[42] The Nevada Supreme Court reversed the trial court's decision that Abarra had not exhausted his administrative remedies. The Supreme Court determined that a letter from the associate warden stating that Abarra had "exhausted the

---

[36] *Farm Bureau Town and Country Ins. Co. of Missouri v. Angoff*, 909 S.W.2d 348 (Mo. 1995) (en banc) (*Angoff*).

[37] ECF No. 49 at 6:7–10.

[38] *Agnoff*, 909 S.W.2d at 354.

[39] *Id.* (citing *Group Health Plan, Inc. v. St. Bd. of Registration for the Healing Arts*, 787 S.W.2d 745, 748 (Mo. App. 1990); *Sermchief v. Gonzales*, 660 S.W.2d 683, 685 (Mo. 1983) (en banc)).

[40] *Abarra v. St. of Nev.*, 342 P.3d 994 (Nev. 2015).

[41] *Id.* at 995.

[42] *Id.*

6

grievance process" and that "no further response is forth coming [sic][,]" "forestalls, in no uncertain terms, any further efforts by Abarra to pursue his grievance[,]"[43] and that further efforts would be "futile."[44] The Supreme Court also determined that Abarra had complied with the Prison Litigation Reform Act's grievance process by setting forth facts supporting his complaint in compliance with notice-pleading standard and had therefore fulfilled the exhaustion requirement.[45]

Neither situation from *Abarra* is present here. HSBC has not received an oral or written statement from NRED to the effect that the division has determined that the mediation obligation has been exhausted or that mediation will not occur. Nor has HSBC exhausted the mediation obligation merely by submitting the form to mediate its claims before NRED's mediators. The statutory scheme clearly demands more than that before a civil action can be commenced.[46] I do not find that NRED's several-month delay in scheduling HSBC's claims against Stratford for mediation is a compelling reason to excuse the parties from NRS 38.310's exhaustion requirement.

**B.     My decision to dismiss HSBC's claims against Stratford is not manifestly unjust.**

HSBC next argues that my dismissal order is manifestly unjust because HSBC might later be precluded from pursuing its claims against Stratford under the doctrine of res judicata. Nevada has long since departed from using "res judicata" in favor of recognizing the two doctrines—issue preclusion and claim preclusion—that the term previously embodied.[47] HSBC does not identify which doctrine it believes might later bar its claims against Stratford.[48] It does

---

[43] *Id.* at 996 (internal quotations omitted).

[44] *Id.*

[45] *Id.*

[46] *See* NEV. REV. STAT. §§ 38.310, 38.330(1).

[47] *Five Star Capital Corp. v. Ruby*, 194 P.3d 709 (Nev. 2008) (recounting Nevada's history of the doctrines of claim preclusion and issue preclusion).

[48] ECF No. 49 at 7:09–8:20.

not recite the test for either doctrine.[49]  It fails to analyze how the facts in this case might satisfy the test for either or both doctrines.[50]  And in none of the cases that HSBC cites was a party precluded from litigating in a later case claims that had been dismissed from the prior case for failure to satisfy a pre-litigation statutory obligation.[51]

Manifest injustice is "[a] direct, obvious, and observable error in a trial court, such as a defendant's guilty plea that is involuntary or is based on a plea agreement that the prosecution has rescinded."[52]  HSBC's thin argument that my without-prejudice dismissal of its claims *might* be res judicata to a *potential* future case arising out of the same facts does not establish that my order dismissing HSBC's claims against Stratford is manifestly unjust.

**C.    I did not err in applying Nevada's substantive law in this diversity case.**

Finally, HSBC argues that dismissing its claims against Stratford under Nevada law was "technically erroneous" because I determined in another case that NRS 38.310 is non-jurisdictional and governed by the *Erie* doctrine, and I held in this case when discharging the parties' show-cause obligations that only federal-question jurisdiction exists in this case.[53] HSBC overstates my show-cause ruling.

I never determined that this case is *exclusively* based on federal-question jurisdiction. What I said was that the parties had not "demonstrated to my satisfaction a basis for finding subject-matter jurisdiction," but I nonetheless found that HSBC had at least presented a federal question on the face of its complaint.[54]  Having noticed this, I did not dismiss the case outright for lack of subject-matter jurisdiction, but instead allowed the remaining parties to live to fight

---

[49] *Id.*

[50] *Id.*

[51] *See id.* at 7:9–8:20 (citing *Tomiyasu v. Golden*, 400 P.2d 415 (Nev. 1965); *Blanchard v. Fed. Nat'l Morg. Ass'n.*, 2013 WL 1867059 (D. Nev. May 2, 2013), *Rosenthal v. St. of Nev.*, 514 F. Supp. 907 (D. Nev. 1981); *Galvan v. HSBC*, 2014 WL 4302533 (D. Nev. Feb. 18, 2014)).

[52] *Black's Law Dictionary* 1107 (Bryan A. Garner ed., 10th ed., Thompson Reuters 2014).

[53] ECF No. 49 at 8–9.

[54] ECF No. 45 at 1:14–15.

another day in federal court and, thus, another chance to establish the basis for diversity jurisdiction that their attorneys so emphatically insist exists.

I found the parties' show-cause responses to be unsatisfactory because SFR responded about its own makeup "on information and belief."[55] Although a plaintiff may plead jurisdiction on information and belief under *Carolina Casualty Insurance Co. v. Team Equipment, Inc.*,[56] that is not sufficient for the defendant (SFR) to base a response to an order to show cause on. Nevertheless, SFR has since disclosed and certified under LR 7.1-1 in another case in this district that its makeup is ultimately South African and Canadian.[57] When HSBC filed this case alleging subject-matter jurisdiction based exclusively on diversity,[58] it was not error for me to apply NRS 38.310 to dismiss its claims.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **HSBC's motion for reconsideration [ECF No. 49] is DENIED** and **HSBC's motion to withdraw its motion for reconsideration of my order by the magistrate judge [ECF No. 50] is GRANTED.**

DATED: June 7, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[55] *See* ECF 42 at 3:3–4.

[56] *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014).

[57] *See U.S. Bank National Ass'n v. SFR Invest. Pool 1, LLC*, 2:16-cv-00576-GMN-NJK (D. Nev.), at ECF No. 13 (filed May 12, 2016).

[58] *See* ECF No. 7 at ¶¶ 1–7.