UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HSBC Bank National Association, | 2:15-cv-01259-JAD-PAL |
| Plaintiff | **Order Denying HSBC Bank's Motion to Lift Stay** |
| v. | [ECF No. 66] |
| Stratford Homeowners Association, et al., | |
| Defendants | |
| And all related parties/claims | |

    A few months ago, I stayed this case pending the Ninth Circuit's consideration of a petition for en banc review of the panel decision in *Bourne Valley Court Trust v. Wells Fargo Bank*, which held that Chapter 116's nonjudicial foreclosure scheme "facially violated mortgage lenders' constitutional due process rights" before it was amended in 2015.[1] Although the Ninth Circuit denied en banc review, the Nevada Supreme Court held on January 26, 2017, in *Saticoy Bay v. Wells Fargo* that "the Due Process Clauses of the United States and Nevada Constitutions are not implicated in an HOA's nonjudicial foreclosure of a superpriority lien."[2] The Nevada Supreme Court "acknowledge[d]" the Ninth Circuit's *Bourne Valley* holding but "decline[d] to follow its holding."[3] The losing parties in both *Bourne Valley* and *Saticoy Bay* have indicated their intent to file petitions for certiorari in the United States Supreme Court.[4] Because *Bourne*

---

[1] *Bourne Valley Ct. Trust v. Wells Fargo Bank*, 2016 WL 4254983, at *5 (9th Cir. Aug. 12, 2016).

[2] *Saticoy Bay v. Wells Fargo*, 133 Nev. Adv. Op. 5 (Jan. 26, 2017).

[3] *Id*. at 7–8, n.5.

[4] The Nevada Supreme Court has stayed issuance of the remittitur until June 21, 2017, to allow time to seek certiorari. *Saticoy Bay*, Nev. S. Ct. Case No. 68630, Doc. 17-04543 (Feb. 8, 2017). The United States Supreme Court has extended the deadline for the *Bourne Valley* cert petition to April 3, 2017. Case No. 16A753 (Feb 24, 2017).

*Valley* and *Saticoy Bay* offer starkly conflicting views on the central question in the instant case, the constitutionality of potentially thousands of Nevada's non-judicial foreclosure sales may ultimately be decided by the United States Supreme Court.[5]

HSBC Bank now moves to lift the stay in this case.[6] SFR Investments Pool 1, LLC opposes the request and asks me to keep the stay in place until the petitions for certiorari are resolved.[7] To save the parties from the need or inclination to invest resources briefing the effect of the *Bourne Valley* and *Saticoy Bay* opinions before the United States Supreme Court has ruled on the petitions for certiorari review in these cases, I deny the motion to lift the stay.

## Discussion

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[8] When determining whether a stay is appropriate pending the resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[9] After weighing these considerations, I find that a *Landis* stay remains appropriate here. I address these considerations in reverse order.

**A.   A stay will promote the orderly course of justice.**

At the center of this case is an HOA-foreclosure sale under NRS Chapter 116 and the

---

[5] *See* S.C.R. 10(a) (suggesting that a conflict between a circuit court and "a state court of last resort" on "an important federal question" can be a basis for granting review on a writ of certiorari).

[6] ECF No. 66. I find this motion suitable for disposition without oral argument. Nev. L.R. 78-1.

[7] ECF No. 67.

[8] *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

[9] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

competing arguments that the foreclosure sale either extinguished the bank's security interest or had no legal effect because the statutory scheme violates due process. The United States Supreme Court's consideration of petitions for certiorari in *Bourne Valley* and *Saticoy Bay* have the potential to be dispositive of this case or at least of discrete issues that it presents. As the jurisprudence in this area of unique Nevada law continues to evolve, the parties in the scores of foreclosure-challenge actions pending in this courthouse file new motions or move to supplement the ones that they already have pending, often resulting in docket-clogging entries and an impossible-to-follow chain of briefs in which arguments are abandoned and replaced. Staying this case pending the Supreme Court's disposition of the petitions for certiorari in *Bourne Valley* and *Saticoy Bay* will permit the parties to evaluate—and me to consider—the viability of the claims under the most complete precedent. This will simplify and streamline the proceedings and promote the efficient use of the parties' and the court's resources.

**B.     Hardship and inequity**

Both parties face the prospect of hardship if I resolve the claims or issues in this case before the petitions for certiorari have been decided. Denying this motion to lift stay at this time and effectively extending this stay will prevent unnecessary briefing and the expenditures of time, attorney's fees, and resources that could be wasted—or at least prematurely spent—should the Supreme Court take up these cases.

**C.     Damage from a stay**

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they have filed or intend to file in the future. But a delay would also result from any rebriefing or supplemental briefing that may be necessitated if the Supreme Court grants certiorari and resolves this circuit-state split. So it is not clear to me that a stay pending the Supreme Court's disposition of the petitions for certiorari will ultimately lengthen the life of this case. I thus find that any possible damage that the extension of this stay may cause the parties is minimal.

**D.     The length of the stay is reasonable.**

Finally, I note that the stay extension in this case pending the disposition of the petitions

for certiorari in *Bourne Valley* and *Saticoy Bay* is expected to be reasonably short. The petition in *Bourne Valley* is due April 3, 2017, and the petition in *Saticoy Bay* is due April 25, 2017. Because the length of this stay extension is directly tied to the petition proceedings in those cases, it is reasonably brief, and it is not indefinite.

### Conclusion

IT IS THEREFORE ORDERED that **the motion to lift stay [ECF No. 66] is denied without prejudice to the filing of a new motion after the Supreme Court rules on the** ***Bourne Valley*** **and** ***Saticoy Bay*** **petitions for certiorari review.**

DATED: February 27, 2017

_____
Jennifer A. Dorsey
United States District Judge